Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Walter Martinez, *on behalf of himself and others similarly situated,* )<br><br>*Plaintiff,* )<br><br>-v- )<br><br>AAV AMERICAN PEST CONTROL 1, LLC, AAV American Pest Control, Inc., AAV American Pest Control, Edgar Vasquez, and Luz Manzano, *jointly and severally,* )<br><br>*Defendants.* ) | Civil Case No.: _____-cv-_____(___)<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1.      Plaintiff Walter Martinez, ("Plaintiff"), on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's overtime compensation and prohibited retaliation by the Defendants. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime wages, prohibited retaliation, spread-of-hours pay, meal break violations, and notice and record-keeping violations.

2.      Plaintiff was employed by Defendants, AAV AMERICAN PEST CONTROL 1, LLC, AAV American Pest Control, Inc., AAV American Pest Control, Edgar Vasquez, and Luz Manzano ("Defendants"), as a Pest Control Technician from December 2014 until December 20, 2016.

3.      Plaintiff consistently worked for Defendants more than 40 hours per week.

4.      Defendants consistently failed to pay Plaintiff his due overtime wages and spread-of-hours premium.

5.      Plaintiff, through his attorneys, sent a notice of intent to commence litigation dated November 17, 2016, to the Defendants in light of the unfair employment practices. The Defendant retaliated and informed the Plaintiff that he would not receive any vacation pay.

6.      Further, during the period of December 8, 2016 to December 21, 2016, Plaintiff was forced to leave the country due to a family emergency. Plaintiff informed the Defendants of the emergency and also informed them of his return on December 21, 2016. However, Defendants unlawfully retaliated against Plaintiff by hiring another person to work in place of the Plaintiff. The emergency was also informed to the Defendants' counsel by the counsel of the Plaintiff.

7.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

8.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

9.      Defendants' conduct extended beyond the Plaintiff to all other similarly situated

employees. Plaintiff seeks certification of this action as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

10.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

### Personal Jurisdiction

11.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

### Venue

12.     Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES
### Plaintiff

### Walter Martinez

13.     Plaintiff Walter Martinez ("Plaintiff") is an adult individual residing in the state of New York, County of Queens.

14.     Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

15.     Plaintiff was employed at AAV American Pest Control, located at 78-04 Jamaica Avenue, Woodhaven, NY 11421.

16.     Plaintiff was employed by the Defendants from December 2014 until December 20, 2016 as a Pest Control Technician.

17.     Plaintiff's duties included driving to properties, inspecting them, setting traps and removing pests and/or insects, and conducting overall maintenance in terms of infested areas for clients of the Defendants.

18.     Plaintiff regularly handled goods in interstate commerce during his employment, such as pest control products and equipment that were imported from outside the State of New York.

19.     During his employment with the Defendants, Plaintiff worked six days per week. Plaintiff worked from 5 pm to 4 am from Monday through Friday. Plaintiff worked for 6 hours on Saturdays. Plaintiff's hours worked were averaging around sixty-one (61) hours per week.

20.     Throughout Plaintiff's employment with Defendants, Defendants did not utilize a time clock system or any other system in which to accurately keep track of Plaintiff's hours of work.

21.     Plaintiff's pay, as determined by Defendants, was $135 per night irrespective of the number of hours worked. His rate of pay never changed and he was never compensated extra for any overtime hours he worked. He was also never compensated for his hours of work on Saturday. Therefore, he was paid an amount of $675 for each week that he was employed

by the Defendants.

22.     Plaintiff was paid his wages bi-weekly and received his wages in cash at all times until around November 8, 2016 after which date he has been paid via checks.

23.     Plaintiff formally complained to Defendant Edgar Vasquez regarding Defendants' unlawful practices concerning his pay, however, he was still not compensated following such complaints.

24.     Defendants repeatedly suffered or permitted Plaintiff to work over Forty (40) hours per week without paying his the appropriate premium overtime pay of one and one half times the statutory minimum.

25.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift extended for more than ten (10) hours.

26.     Defendants failed to allow the Plaintiff a meal break lasting 45 minutes during each shift.

27.     Plaintiff was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

28.     Plaintiff was never provided with wage statements or other records detailing, *inter alia*, dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

29.     Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

30.     Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

31.     Plaintiff, through his counsels, sent the Defendants a notice of intent to commence litigation dated November 17, 2016 subsequent to which the Defendants incorporated their limited liability company.

32.     On receiving the notice of intent to commence litigation, the Defendant retaliated and informed the Plaintiff that he would not receive any vacation pay. See **Exhibit A** for a true and accurate copy of the relevant page of Defendants' policy regarding vacation pay.

33.     Further, during the period of December 8, 2016 to December 21, 2016, Plaintiff was forced to leave the country due to a family emergency. Plaintiff informed the Defendants of the emergency and also informed them of his return on December 21, 2016. However, Defendants unlawfully retaliated against Plaintiff by hiring another person to work in place of the Plaintiff. The emergency was also informed to the Defendants' counsel by the counsel of the Plaintiff. Plaintiff received letter from Defendant Luz Manzano regarding his termination on December 20, 2016.

34.     Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

35.     Plaintiff has personal knowledge of other employees of Defendants who also worked hours for which they were not paid overtime wages.

**Defendants**

36.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to Plaintiff's and other employees'

remuneration, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

    a.    Defendants all suffered or permitted Plaintiff to work.

    b.    Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c.    Defendants each have an economic interest in the location in which Plaintiff and similarly situated employees worked.

    d.    Defendants all simultaneously benefitted from Plaintiff's work.

    e.    Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

    f.    Plaintiff and similarly situated employees performed work integral to the Corporate Defendant's operation.

37.    In the alternative, all Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

38.    The Corporate Defendants own and operate the business AAV American Pest Control providing extermination services to its customers. Upon information and belief, Defendant AAV American Pest Control 1, LLC is the successor of Defendant AAV American Pest Control, Inc. The Defendants changed their corporate structure subsequent to receiving the notice of intent to sue dated November 17, 2016.

**(Corporate Defendants)**

**<u>AAV American Pest Control 1, LLC</u>**

39.    AAV American Pest Control 1, LLC ("AAV 1") is a domestic limited liability company organized and existing under the laws of the State of New York with initial DOS

filing date of November 29, 2016. Its principal place of business is located at 78-04 Jamaica Avenue, Woodhaven, NY 11421.

40.     AAV 1 owns and operates AAV American Pest Control, a business equipped to exterminate pests from residential and commercial properties.

41.     AAV 1 is open for business five (5) days per week and several hours per day. It is also open on Saturdays for collection of money from Clients and for servicing and cleaning vehicles. It employs a number of Pest Control Technicians.

42.     At all relevant times, AAV 1 was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

43.     At all relevant times, AAV 1 maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to his employment.

44.     At all relevant times, AAV 1 was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling pest control products and equipment imported from out of state and distributed in New York. In addition, AAV 1 conducted business with vendors and other businesses outside the State of New York, and engaged in credit card transactions involving banks and other institutions outside the State of New York.

45.     Upon information and belief, at all relevant times, AAV 1's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, AAV 1 was part of an integrated enterprise whose annual gross volume of sales exceeded $500,000.

**AAV American Pest Control, Inc.**

46.     AAV American Pest Control, Inc. ("AAV") was a domestic corporation organized under the laws of the State of New York with initial DOS filing date of November 14, 2012. AAV is currently listed as an inactive corporation since October 26, 2016. Its principal place of business is located at 78-04 Jamaica Avenue, Woodhaven, New York 11421.

47.     AAV owned and operated AAV American Pest Control for the relevant time period of the Plaintiff's employment with the Defendants and is, upon information and belief, now succeeded by AAV 1 since November 29, 2016.

48.     At all relevant times, AAV was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

49.     At all relevant times, AAV maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to his employment.

50.     At all relevant times until October 26, 2016, AAV was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling pest control products and equipment imported from out of state and distributed in New York. In addition, AAV conducted business with vendors and other businesses outside the State of New York, and engaged in credit card transactions involving banks and other institutions outside the State of New York.

51.     Upon information and belief, at all relevant times, AAV's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, AAV was part of an integrated enterprise whose annual gross volume of sales exceeded

$500,000.

**AAV American Pest Control**

52. AAV American Pest Control ("AAV American Pest Control") is the trade name of a domestic corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 78-04 Jamaica Avenue, Woodhaven, NY 11421.

53. At all relevant times, AAV American Pest Control was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

54. AAV American Pest Control is open for business five (5) days per week and several hours per day. It is also open on Saturdays for collection of money from Clients and for servicing and cleaning vehicles. It employs a number of Pest Control Technicians.

55. At all relevant times, AAV American Pest Control maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that applied to his employment.

56. At all relevant times, AAV American Pest Control was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling pest control products and equipment imported from out of state and distributed in New York. In addition, AAV American Pest Control conducted business with vendors and other businesses outside the State of New York, and engaged in credit card transactions involving banks and other institutions outside the State of New York.

57. Upon information and belief, at all relevant times, AAV American Pest Control 's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, AAV American Pest Control was part of an integrated

enterprise whose annual gross volume of sales exceeded $500,000.

**Individual Defendants**

**Edgar Vasquez**

58.    Upon information and belief, at all relevant times, Edgar Vasquez ("Vasquez") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

59.    At all relevant times throughout Plaintiff's employment, Vasquez had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

60.    At all relevant times throughout Plaintiff's employment, Vasquez was actively involved in the day-to-day operations of Corporate Defendants and was in charge of their finances.

61.    At all relevant times throughout Plaintiff's employment, Vasquez was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Luz Manzano**

62.    Upon information and belief, at all relevant times, Luz Manzano ("Luz") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

63.     At all relevant times throughout Plaintiff's employment, Luz had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

64.     Luz in fact terminated Plaintiff on December 20, 2016.

65.     At all relevant times throughout Plaintiff's employment, Luz was actively involved in the day-to-day operations of the Corporate Defendants and was in charge of their finances.

66.     At all relevant times throughout Plaintiff's employment, Luz was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

### COLLECTIVE ACTION ALLEGATIONS

67.     Pursuant to 29 U.S.C. §§ 203, 207, and 216(b), Plaintiff brings his First cause of action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since January 3,
> 2014, and through the entry of judgment in this case (the "Collective
> Action Period") who worked as pest control technicians and other
> non-management employees (the "Collective Action Members").

68.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to

Defendants' illegal policies of failing to pay overtime premiums for work performed in excess of forty (40) hours each week.

69.    Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

70.    The claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime Wages

71.    Plaintiff and Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

72.    At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

73.    At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

74.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect the Plaintiff and the Collective Action Members.

75.    Defendants have failed to pay Plaintiff and the Collective Action Members, overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

76. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

77. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

78. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

79. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

80. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Prohibited retaliation

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to Defendants and protect Plaintiff.

83. Plaintiff, through his counsels, sent the Defendant notice of intent to commence litigation dated November 17, 2016 subsequent to which the Defendants incorporated their limited liability company. On receiving the notice of intent to commence litigation, the Defendant retaliated and informed the Plaintiff that he would not receive any vacation pay. *See*

14

Exhibit A.

84.     Further, during the period of December 8, 2016 to December 21, 2016, Plaintiff was forced to leave the country due to a family emergency. Plaintiff informed the Defendants of the emergency and also informed them of his return on December 21, 2016. However, Defendants unlawfully retaliated against Plaintiff by hiring another person to work in place of the Plaintiff. The emergency was also informed to the Defendants' counsel by the counsel of the Plaintiff. Plaintiff received letter from Defendant Luz Manzano regarding his termination on December 20, 2016.

85.     Defendants unlawfully retaliated against the Plaintiff in violation of 29 U.S.C.A. § 215(3).

86.     Due to Defendants' unlawful discrimination against the Plaintiff, he has suffered great hardship and damages of an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime Wages

87.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89.     At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

90.     The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

91.     Defendants have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

92.     Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

93.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

94.     Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

95.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION
### New York Labor Law– Spread-of-Hours Pay

96.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97. The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

98. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shift exceeded ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

99. Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

100. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION
### New York Labor Law– Prohibited Retaliation

101. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102. The retaliation provisions as set forth in NYLL § 215(1) apply to Defendants and protect the Plaintiff.

103. Plaintiff, through his counsels, sent the Defendant notice of intent to commence litigation dated November 17, 2016 subsequent to which the Defendants incorporated their limited liability company. On receiving the notice of intent to commence litigation, the Defendant retaliated and informed the Plaintiff that he would not receive any vacation pay. *See*

Exhibit A.

104. Further, during the period of December 8, 2016 to December 21, 2016, Plaintiff was forced to leave the country due to a family emergency. Plaintiff informed the Defendants of the emergency and also informed them of his return on December 21, 2016. However, Defendants unlawfully retaliated against Plaintiff by hiring another person to work in place of the Plaintiff. The emergency was also informed to the Defendants' counsel by the counsel of the Plaintiff. Plaintiff received letter from Defendant Luz Manzano regarding his termination on December 20, 2016.

105. Defendants unlawfully retaliated against the Plaintiff in violation of 29 NYLL § 215(1).

106. Due to Defendants' unlawful retaliation against the Plaintiff, he has suffered great hardship and damages and is entitled to recover an award comprising of lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) pursuant to NYLL § 215(2)(a).

107. Defendants should also be ordered to pay a civil penalty of a maximum of Ten Thousand Dollars ($10,000) pursuant to 29 NYLL § 215(1)(b).

<u>SIXTH CAUSE OF ACTION</u>
**New York Labor Law- Meal break violations**

108. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

109. The meal provisions as set forth in NYLL § 162 apply to Defendants and protect Plaintiff.

110.   Defendants have consistently and repeatedly failed to allow Plaintiff a meal break lasting at least forty five minutes per day for any days Plaintiff worked a shift of more than six hours starting between 1:00 p.m. and 6:00 a.m. as required by NYLL § 162(4).

111.   Due to Defendants' violations of the NYLL, Plaintiff has suffered damages by being deprived of their statutorily required meal breaks.

## SEVENTH CAUSE OF ACTION
### New York Labor Law– Failure to Provide Notice at the Time of Hiring

112.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113.   Defendants have failed to provide Plaintiff, at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

114.   Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## EIGHTH CAUSE OF ACTION
### New York Labor Law– Failure to Provide Wage Statements

115.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

116.   Defendants have failed to provide Plaintiff with wage statements listing all his hours of work; rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

117.   Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.   An order tolling the statute of limitations;

C.   Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

D.   Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

E.   An award of damages to be determined at trial for the Defendants' prohibited retaliation against Plaintiffs pursuant to 29 U.S.C.A § 215(3);

F.     Unpaid overtime wages and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

G.     An award of front pay, lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) for Defendants' prohibited retaliation against Plaintiffs pursuant to NYLL § 215(2)(a).

H.     Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

I.     An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

J.     An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

K.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

L.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

M.     An award of pre-judgment interest of nine per centum per annum   (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

N.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O.     An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

P.     Such other relief as this Court shall deem just and proper.

Dated: January 3, 2017

Respectfully submitted,

**PARDALIS & NOHAVICKA, LLP**

By:     /s/Ariadne Panagopoulou

Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email:  ari@pnlawyers.com